UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHNNIE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-CV-0313-CVE-PJC |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Amend Complaint and Brief in Support (Dkt. # 35). Plaintiff requests leave of court to add a claim of disparate impact based on race against defendant Federal Express Corporation ("FedEx"). Plaintiff claims that he did not discover the information supporting a claim of disparate impact until August 7, 2007. Defendant objects to plaintiff's motion on the basis that it is untimely and futile.

## I.

Plaintiff Johnnie Rogers ("Rogers") began his employment with FedEx in 1993 and he asserts that he was an exceptional employee. Beginning in March 2003, he claims that conditions at work steadily declined after he was assigned a new supervisor, Dennis Schreiber ("Schreiber"). Rogers, an African American, alleges that Schreiber repeatedly made discriminatory remarks about plaintiff's race and that Schreiber made disparaging statements about Roger's membership in Rhema Bible Church. FedEx fired Rogers in January 2005 because plaintiff received three "performance reminders" from Schreiber within one year. Rogers claims that Schreiber initiated the performance reminders because of Rogers' race and religion.

On June 16, 2006, Rogers filed this lawsuit alleging that FedEx discriminated against him on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended, et seq. ("Title VII") and 42 U.S.C. § 1981. Rogers also alleged that FedEx discriminated against him on the basis of religion under Title VII only.[1] The Court entered a standard scheduling order setting the deadline to amend pleadings for October 31, 2006 and the discovery cutoff for February 28, 2007. On January 23, 2007, the parties filed a joint motion to extend the discovery cutoff by 90 days, and the Court granted the parties' motion. The Court entered an amended scheduling order on January 25, 2007 resetting the discovery cutoff for May 29, 2007, but the Court did not extend the deadline to amend pleadings. On May 21, 2007, plaintiff filed a motion to extend all remaining deadlines in the scheduling order by 60 days. The Court granted plaintiff's motion and entered a second amended scheduling order. The discovery cutoff was extended to August 6, 2007 and the Court included a new deadline of July 5, 2007 to amend pleadings. The dispositive motion deadline was extended to August 29, 2007 and the trial was reset from September 17, 2007 to November 19, 2007.

FedEx filed a motion for summary judgment on August 15, 2007. FedEx moved for summary judgment as to all claims in the amended complaint and even addressed allegations of age discrimination that surfaced during plaintiff's deposition. Two days later, plaintiff filed this motion to amend his complaint to add a claim for racial discrimination based on disparate impact under Title VII and 42 U.S.C. § 1981, and he also requested a new scheduling order to allow for discovery on his proposed disparate impact claim. Plaintiff claims that he obtained new discovery on August 7,

---

[1]    Plaintiff filed an amended complaint on August 11, 2006 changing the defendant from Fedex Express to Federal Express Corporation, but the amended complaint did not make any substantive changes to plaintiff's claims.

2007 that provides the basis for a disparate impact claim.[2]  FedEx objects to plaintiff's motion on

the grounds that (1) plaintiff's proposed amendment is futile; (2) the motion to amend is untimely

and defendant will suffer prejudice if the motion is granted; and (3) plaintiff failed to exhaust his

administrative remedies before seeking permission to file a disparate impact claim based on racial

discrimination. FedEx also claims that plaintiff received the discovery responses on August 1, 2007,

not August 7, 2007 as plaintiff states in his motion to amend.  Plaintiff's first set of requests for

production was submitted to FedEx on January 24, 2007, and FedEx responded on Feburary 27,

2007.  Plaintiff subsequently sent FedEx a second set of requests for production on June 29, 2007.

FedEx completed its responses to the second set of requests for production on July 31, 2007, and

FedEx sent the documents to plaintiff by overnight mail.  FedEx tracked the package, and records

show that the receptionist at plaintiff's counsel's office signed for the package on August 1, 2007.


## II.

Rule 15(a) provides that "leave shall be freely given when justice so requires."  Minter v.

Prime Equipment Co., 451 F.3d 1196, 1204 (10th Cir. 2006); Bradley v. Val-Mejias, 379 F.3d 892,

900 (10th Cir. 2004).  "In the absence of any apparent or declared reason-such as undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance . .

. the leave sought should, as the rules require, be 'freely given'" Foman v. Davis, 371 U.S. 178, 182

---

[2]    Plaintiff requested the employment files of Mike Coon ("Coon"), a peer manager, and Jeff
Weiszbrod ("Weiszbrod"), an operations manager, as part of his second set of requests for
production of documents.  Both of these employees are white and plaintiff claims that they
were disciplined less severely than plaintiff for similar conduct.

(1962).  An amendment is futile if it would be subject to dismissal pursuant to Fed. R. Civ. P. 12.

Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc., 175 F.3d 848, 859 (10th

Cir. 1999).  A court may deny leave to amend "when the party filing the motion has no adequate

explanation for the delay."  Minter, 451 F.3d at 1206 (quoting Frank v. U.S. West, 3 F.3d 1357,

1365-66 (10th Cir. 1993)).  When considering delay as the basis to deny a motion to amend, a court

must consider the length of the delay and the reason for the delay to determine if the moving party's

actions constitute "undue" delay.  Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th

Cir. 2006).

### III.

Plaintiff requests leave of court to file an amended complaint adding a claim of disparate

impact under Title VII and 42 U.S.C. § 1981.  He claims that his motion to amend is timely because

he did not discover the evidence giving rise to a claim of disparate impact until August 7, 2007.

FedEx argues plaintiff's motion to amend is futile, because the discovery he cites does not suggest

that he has any basis to bring a disparate impact claim.  FedEx also asserts that plaintiff's delay in

filing his motion to amend has prejudiced FedEx, because trial is set for November 19, 2007 and it

has already briefed its summary judgment motion and begun its pretrial preparation.

### A.

Title VII prohibits discrimination on the basis of race, color, religion, sex or national origin,

and a plaintiff can prevail by showing disparate treatment or disparate impact.  Wards Cove Packing

Co., Inc. v. Atonio, 490 U.S. 642, 645-46 (1989).  Disparate treatment arises when an employer

"treats some people less favorably than others because of their race, color, religion, sex or national

origin" and "proof of discriminatory motive is critical."  Carpenter v. Boeing, 456 F.3d 1183, 1187

(10th Cir. 2006) (quoting <u>Int'l Bhd. of Teamsters v. United States</u>, 431 U.S. 324, 335 n.15 (1977)).

On the other hand, disparate impact claims "involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." <u>Id</u>.  The key difference between the two types of claims is that a "claim of disparate impact, unlike a claim of disparate treatment, does not require a finding of intentional discrimination." <u>Pippin v. Burlington Res. Oil & Gas Co.</u>, 440 F.3d 1186 (10th Cir. 2006).  To state a claim of disparate impact, the plaintiff "must show that a specific identifiable employment practice or policy caused a significant disparate impact on a protected group." <u>Ortega v. Safeway Stores, Inc.</u>, 943 F.2d 1230, 1242 (10th Cir. 1991).

Plaintiff's amended complaint alleges that he was terminated from FedEx based on disparate treatment, because he alleges that FedEx intentionally discriminated against him on the bases of race and religion.  He claims that the personnel files of Coon and Weiszbrod give him a sufficient basis to state a racial discrimination claim based on disparate impact, in addition to his disparate treatment claims.  As a preliminary matter, the Court notes that plaintiff did not comply with LCvR 7.2(l) when filing his motion to amend.  Under LCvR 7.2(l), a motion to amend or add parties must state "(1) the deadline date established by the scheduling order, if any, and (2) whether any other party objects to the motion."  The motion must also be accompanied by a proposed order "which specifically sets forth what is being amended . . . ." <u>Id</u>.  Plaintiff's motion and proposed order do not meet any of these requirements.  This makes it difficult for the Court to assess whether plaintiff's

proposed disparate impact claim will survive a motion to dismiss.[3]  Based on his motion to amend, it appears that plaintiff intends to allege a disparate impact claim under Title VII and section 1981.

The Supreme Court has limited the reach of section 1981 to acts of "purposeful discrimination." General Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982). The Tenth Circuit has also explicitly stated that "[s]ection 1981 requires purposeful discrimination . . . and so does not apply to disparate impact claims that do not raise a presumption of discriminatory purpose." Sandoval v. City of Boulder, Colorado, 388 F.3d 1312, 1326 n.7 (10th Cir. 2004); see also Drake v. City of Fort Collins, 927 F.2d 1156, 1162 (10th Cir. 1991).  By its very nature, a disparate impact claim involves a facially neutral employment practice that has an adverse effect on a particular racial group even without any intentional discrimination by the employer. Griggs v. Duke Power Co., 401 U.S. 424, 431 (1971); Garrison v. Gambro, Inc., 428 F.3d 933, 939 (10th Cir. 2005).  Plaintiff may not use section 1981 to bring a disparate impact claim against FedEx without evidence of intentional discrimination.  Doe v. Damaehameha Schools/Bernice Pauahi Bishop Estate, 470 F.3d 827, 839 (9th Cir. 2006); Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 562 (3d Cir. 2002); Oliver v. Digital Equipment Corp., 846 F.2d 103 (1st Cir. 1988).  Based on the personnel files of two FedEx employees, it will be difficult, if not impossible, for plaintiff to prove that FedEx intentionally discriminated against him.  This type of evidence may be used to support an inference of discrimination for plaintiff's disparate treatment claims but, without more,

---

[3]      In addition, plaintiff has not attached a copy of his proposed amended complaint to his motion to amend.  Although local rules do not specifically require this, it is standard practice to include a copy of the proposed amended complaint with a motion to amend.  Mineta v. Board of County Comm'rs of County of Delaware, 2007 WL 680792, *2 (N.D. Okla. Feb. 28, 2007).

plaintiff can not show that FedEx intentionally discriminated against him simply by comparing plaintiff's treatment to that of Coon and Weiszbrod.  As a matter of law, plaintiff can not state a claim under section 1981.

Concerning Title VII claims of disparate impact, the Tenth Circuit has given specific guidance for any plaintiff alleging such claims.  The first and most important element of any disparate impact claim is that plaintiff must allege that "a specific identifiable employment practice or policy caused a significant disparate impact on a protected group."  Murphy v. Derwinski, 990 F.2d 540, 544 (10th Cir. 1993).  The Court must compare the "[racial] composition of those who are subject to the challenged employment practice with the [racial] composition of those enjoying the benefit for which the practice selects."  Carpenter, 456 F.3d at 1193.  It is not enough to show that members of a one group are treated differently than another, because plaintiff must show that the comparison also involves similarly situated employees.  Id.

In this case, plaintiff has identified Coon and Weiszbrod as white employees who allegedly received lesser disciplinary sanctions than plaintiff for similar conduct.  However, plaintiff has not attached a copy of his proposed second amended complaint or explained his disparate impact claim with enough detail so that the Court can determine whether plaintiff can state a disparate impact claim under Title VII.  Construing the factual allegations of the motion in plaintiff's favor, the basis for plaintiff's disparate impact claim appears to be that he was treated differently than similarly situated white employees.  This is simply another way of stating a disparate treatment claim rather than a disparate impact claim.  He has not identified any other similarly situated black employees

who received questionable disciplinary sanctions, nor does it appear that he alleges that black employees were generally treated differently than white employees.[4]

The Court has also reviewed plaintiff's EEOC charge and finds that plaintiff did not exhaust his administrative remedies before attempting to assert a disparate impact claim in this case. "A Title VII plaintiff must 'exhaust administrative remedies for each individual discriminatory or retaliatory act.'" Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1314 (10th Cir. 2005). An EEOC charge gives notice of the alleged violation to the charged party and permits the EEOC to investigate claims of discrimination before a lawsuit is filed. Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994). In this case, plaintiff's EEOC charge alleges that Schreiber terminated a black female operations manager in addition to Rogers for petty violations, but that plaintiff was not aware of any white operations managers terminated by Schreiber. However, the primary assertion in the EEOC charge is that "Schreiber has scrutinized [Rogers'] work more than other workers and documented every possible incident he could in order to prepare the basis for terminating [Rogers]." Dkt. # 40, Ex. G, at 1.

The EEOC charge simply states claims for intentional discrimination based on race and religion but, even with a liberal reading of the EEOC charge, the Court finds no possibility that

---

[4]     Plaintiff relies on a consent decree from Satchell v. Federal Express Corporation, C03-2659 SI (N.D. Cal. Apr. 6, 2007), to support his allegation of disparate impact. That case was a class action challenging FedEx's disciplinary procedures in its Western Region. Contrary to plaintiff's assertions, FedEx did not admit to discriminating against black employees by using petty or inconsequential "performance reminders" as a basis to terminate black employees. Instead, FedEx voluntarily entered the settlement to avoid protracted litigation and it believed that the settlement "demonstrate[d] its strong commitment to diversity and equal employment opportunity." Dkt. # 35, Ex. 5, at 14. While plaintiff's counsel's discovery of Satchell may have suggested a basis for a disparate impact claim, the law on this issue was clearly settled at the time plaintiff filed his EEOC charge and complaint, and he could have included a disparate impact claim then.

plaintiff has exhausted his administrative remedies on his proposed disparate impact claim.  Plaintiff does not identify a facially neutral employment practice that has a disproportionate effect on a protected group, and the EEOC charge did not put the EEOC or FedEx on notice that plaintiff intended to bring a disparate impact claim.  See MacKenzie v. City & County of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005) (plaintiff alleging employment discrimination could not amend her complaint to add any claim that was not identified in her EEOC charge); Gray v. Oracle, 2006 WL 2987941, *2 (D. Utah. Oct. 17, 2006) (denying motion to amend as futile when plaintiff failed to exhaust administrative remedies for proposed age discrimination claim).  Therefore, plaintiff has not exhausted his administrative remedies for his proposed disparate impact claim.

The Court finds that it would be futile for plaintiff to attempt to state a disparate impact claim under Title VII or section 1981.

## B.

Defendant also argues that plaintiff's motion is untimely, because he filed this motion after defendant's motion for summary judgment was on file and because plaintiff delayed discovery on his proposed disparate impact claim.  The timing of plaintiff's motion causes concern.

Plaintiff could have begun discovery at any time after the parties conducted a Rule 26(f) conference.  Instead, plaintiff did not file his first set of requests for production until January 24, 2007 and he waited until June 29, 2007 to file his second set of requests for production.  Plaintiff does not offer any explanation for delaying discovery on a potential disparate impact claim until the end of the discovery period in the Court's second amended scheduling order.  Frank, 3 F.3d at 1365 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation

for the delay.").  The Court will not permit plaintiff to belatedly add a complicated claim this late in the case when plaintiff could have been conducting discovery on this claim any time after the Rule 26(f) conference.  See Evans v. McDonald's Corp., 936 F.2d 1087, 1091 (10th Cir. 1991) (denying a Title VII plaintiff's motion to amend to change her retaliatory discharge claim into a failure to hire claim shortly before trial).  The fact that plaintiff's motion to amend was filed after defendant's motion for summary judgment was filed[5] also suggests that plaintiff was seeking to "salvage a lost case by untimely suggestion of new theories of recovery."  Minter, 451 F.3d at 1206 (quoting Hayes v. Whitman, 264 F.3d 1017, 1027 (10th Cir. 2001)).  At this late stage in the case, defendant is entitled to proceed to trial on the existing theories of liability without any further delay, especially delay caused by plaintiff's failure to timely participate in discovery.

IT IS THEREFORE ORDERED that  plaintiff's Motion to Amend Complaint and Brief in Support (Dkt. # 35) is **denied**.

DATED this 28th day of September, 2007.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5]     Plaintiff's motion to amend inaccurately states that he received new discovery on August 7, 2007, when plaintiff's counsel actually received the discovery on August 1, 2007.  If plaintiff's counsel had timely reviewed the discovery, he could have filed a motion to amend before FedEx filed a motion for summary judgment on August 15, 2007.  Instead plaintiff's counsel waited over two weeks before filing a motion to amend.  Under these circumstances, the delay was significant.  Trial is set for November 19, 2007 and FedEx has begun its trial preparations, including motions in limine.  Under the circumstances, plaintiff's delay in filing his motion to amend prejudiced FedEx.